**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 08-2386

UNITED STATES OF AMERICA,

Appellee,

v.

LUIS CENTENO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, U.S. District  Judge]

Before

Torruella, Stahl and Lipez,
Circuit Judges.

Irma R. Valldejuli on brief for appellant.
Nelson Pérez-Sosa, Assistant U.S. Attorney, Thomas F. Klumper, Assistant U.S. Attorney, and Rosa Emilia Rodríguez-Vélez, United States Attorney, on brief for appellee.

August 31, 2009

**Per Curiam**.  The substantive question that the defendant raises in this appeal is whether the district court erred in ruling that if the defendant asked for a criminal- history-based downward departure or variance, that request would constitute a breach of the plea agreement, freeing the government from abiding by the terms of that agreement.  However, a threshold issue is whether the appeal waiver contained in the plea agreement applies to bar this appeal.  The government argues that the defendant forfeited, via inadequate briefing, any argument that the appeal waiver is inapplicable or unenforceable.  We bypass the forfeiture issue because the applicability and enforceability of the appeal waiver are intertwined with the merits of the appeal, which are fully briefed, and because we conclude, for the reasons discussed below, that the appeal waiver is applicable and enforceable in any event.

The appeal waiver provided, in full, as follows:  "The defendant hereby agrees that if this Honorable Court accepts this agreement and sentences him according to its terms and conditions, defendant waives and surrenders his right to appeal the judgment and sentence in this case."  Because of the generic wording of this waiver, determining its applicability requires perusing the rest of the agreement to see whether the defendant was sentenced "according to its terms and conditions."  This exercise, though not particularly difficult here, could have been avoided entirely if the waiver were more case specific.  See United States v. Acosta-

-2-

Roman, 549 F.3d 1, 4 n.3 (1st Cir. 2008) (finding virtually identical waiver provision to be "'simple and easily understood'" (citation omitted) but suggesting that such provisions "make specific reference to any terms and conditions of the plea agreement that are not intended by the parties to be covered by the waiver").

The defendant argues, in essence, that the court did not sentence him "according to the terms and conditions" of the plea agreement because it wrongly refused to consider his argument for a lower sentence based on the overrepresentation of his criminal history category.  This is where the appeal waiver and substantive issues overlap.

In arguing that the plea agreement permitted the overrepresentation argument, the defendant points to the lack of a stipulation as to the defendant's criminal history category and characterizes the overrepresentation argument as an objection related to the criminal history category rather than as an argument for a "further adjustment[] or departure[] to the defendant's base offense level" prohibited by the agreement.  He also argues that the "assessment of the criminal history category," left open by the plea agreement, includes not only the raw calculation of that category under USSG §§ 4A1.1 and 4A1.2 but also any reduction in that category warranted by the overrepresentation of the

defendant's criminal history under USSG § 4A1.3. Those arguments, though creative, are unpersuasive for several reasons.

First, they arguably conflict both with the defendant's repeated concession, at sentencing, that he had no objection to the calculation of his criminal history category and with his own previous characterization of his argument for a reduced sentence as one for a "downward departure."

Second, that post hoc characterization is inconsistent with the guidelines' treatment of such a reduction as a "departure" under USSG § 4A1.3(b), rather than as part of the calculation of the criminal history category under USSG §§ 4A1.1 and 4A1.2.

Third, rather than construing the plea agreement as a whole, Acosta-Roman, 549 F.3d at 4, such arguments improperly focus on certain words and phrases of the plea agreement in isolation. Under the heading, "NO FURTHER ADJUSTMENTS OR DEPARTURES," the parties agreed "that no further adjustments or departures to the defendant's base offense level, pursuant to [18 U.S.C. § 3553], or a variance from the recommended sentence of imprisonment, shall be sought by the parties." Any ambiguity as to whether that agreed-upon prohibition applied only to adjustments to or departures from the "base offense level," as the defendant argues, or, rather, to departures or variances more generally, including those related to the defendant's criminal history, as the district court held, is eliminated when the above-quoted sentence is read in conjunction

-4-

with the next one, in which the parties "agree[d] that any request for a different sentence of imprisonment constitutes a departure or variance from the recommended sentence." Similarly, construing the plea agreement to permit parties to argue for some departures or variances appears contrary to the parties' intent, evidenced by their stipulations as to sentencing guideline calculations (other than the defendant's criminal history category), to limit the range of disagreement and hence the ultimate sentence the court was likely to choose. If, despite those stipulations, the defendant could seek a downward departure under section 4A1.3(b), then the government could seek an upward one under section 4A1.3(a), based on its opposing view of the defendant's true criminal propensity or likelihood of recidivism, thereby widely opening the door that the parties attempted to shut as far as they could without knowing the defendant's criminal history.

Fourth, and more generally, a defendant's criminal history is often unknown at the point of a guilty plea. Allowing defendants to seek downward departures or variances, otherwise barred by their plea agreements, when their criminal history categories later turn out to be higher than expected would undermine any attempt to stipulate to a guideline sentencing range.

Accordingly, we reject the defendant's arguments and construe the plea agreement to bar the present appeal as follows: The key provision of the plea agreement concerning sentencing is

the parties' agreement to "recommend a sentence of imprisonment at the lower end of the applicable Guideline sentencing range." Although that agreement was conditioned on "the defendant's criminal history category exceed[ing] Category I," that condition was met since the defendant's criminal history category was calculated to be IV and the defendant conceded the accuracy of that calculation. Given that criminal history category and the defendant's stipulated total offense level of 21, his "applicable Guideline sentencing range" was 57 to 71 months, USSG ch. 5, pt. A (Sentencing Table), and the "lower end" of that range was 57 months. Since the district court did sentence the defendant to 57 months' imprisonment, it sentenced him "according to [the plea agreement's] terms and conditions." Therefore, the appeal waiver applies.

Nor would enforcing the appeal waiver here be manifestly unjust. Cf. United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001). "As a general matter, there is nothing unjust about holding a defendant to the bargain struck in his plea agreement." United States v. Calderón-Pacheco, 564 F.3d 55, 59 (1st Cir. 2009). And the bargain struck here was clearly favorable to the defendant. In return for pleading guilty to Count 25, stipulating to responsibility for a relatively small amount of drugs, agreeing not to seek any further departures or variances, and waiving his right to appeal, the defendant avoided exposure to the much longer

-6-

sentence that could have resulted from being convicted on Count 1, which charged a four-month-long conspiracy involving 14 individuals and much larger amounts of drugs.  Even as to Count 25, he avoided the government's seeking an available two-level enhancement for committing a drug offense inside a public housing project and benefitted from a citation error in the indictment, absent which he would have been subject to a mandatory minimum sentence of five years (three months over the 57-month sentence ultimately imposed) based on the amount of crack to which he stipulated.

Nor was his 57-month sentence manifestly unjust in the sense that it was based on an "egregious" error.  Cf. Teeter, 257 F.3d at 25.  The only purported error identified here--the district court's ruling that the defendant's request for a departure or variance below the guideline range constituted a breach of the plea agreement--was not erroneous at all, much less egregiously so, for the reasons already discussed.

In sum, because the appeal waiver is both applicable and enforceable, this appeal is summarily dismissed.  See 1st Cir. R. 27.0(c).